IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-03546

**SALVADOR OUEDRAOGO,**

    Plaintiff,

v.

**PROGRESSIVE INSURANCE COMPANY
AND UBER TECHNOLOGIES, INC.**

    Defendant.

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO**

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, United Financial Casualty Company, improperly named as Progressive Insurance Company ("Progressive"), by and through its attorneys of record, Montgomery | Amatuzio, respectfully submits this Notice of Removal ("Notice"). In support of its Notice, Progressive states as follows:

    1.    On August 20, 2025, Plaintiff Salvador Ouedraogo ("Plaintiff") filed a Complaint and Jury Demand (Complaint") against Progressive and Uber Technologies, Inc. ("Uber") in the District Court of Adams County, Colorado, captioned *Salvador Ouedraogo v. Progressive Insurance Company and Uber Technologies, Inc.*, Case No. 2025CV31314 (the "State Court Action"). As required by 28 U.S.C. § 1446(a), copies of all process filings, pleadings, orders, other papers, or exhibits filed in the State Court Action are attached with this Notice.

2. Plaintiff's Complaint alleges that on August 21, 2022, while in the McDonald's drive-thru lane in Commerce City, Colorado, nonparty Magali Rodriguez Ornelas negligently failed to yield and struck the rear of Plaintiff's vehicle with the front of her car. **Exhibit A**, Compl. ¶¶ 7-11. Plaintiff, who was driving while active on the UberEats application at the time of the accident, claims to have suffered injuries and damages because of the accident. **Ex. A**, Compl. ¶ 12. Plaintiff now asserts causes of action for alleged breach of contract, common law bad faith, and a statutory delay or denial under C.R.S. § 10-3-1115(1)(a) arising from an August 21, 2022, accident.

3. At the time of the accident, Progressive issued a policy of insurance, policy number 06250284, to Portier, LLC and Schleuder, LLC, with Uber Technologies, Inc. and its subsidiaries named as additional insureds (the "Policy").[1] Plaintiff seeks coverage under the Policy, which was effective from March 1, 2022 to March 1, 2023. Progressive alleges the Policy does not include uninsured motorist/underinsured (UM/UIM) motorist coverage.

4. As set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Progressive has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

---

[1] For clarification, Portier, LLC is a subsidiary of Uber Technologies, Inc. and administers the UberEats platform under which Plaintiff was operating at the time of the accident. United Financial Casualty Company issued a policy of insurance to Portier, LLC, under which Plaintiff now seeks coverage, though such coverage is disputed. To the best of the undersigned's knowledge, "Progressive Insurance Company" is not a legal entity, and the Complaint will need to be amended to identify the correct underwriting insurance company. While United Financial Casualty Company operates under the "Progressive" trade name, it is one of dozens of distinct legal entities that underwrite insurance products under the "Progressive" trade name as subsidiaries of The Progressive Corporation.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

5. This is a civil action that falls under the U.S. District Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed pursuant to 28 U.S.C. §§ 1441 and 1446. To meet the diversity requirement of 28 U.S.C. § 1332(a), there must be "complete diversity" between plaintiff and defendants, meaning that no defendant can be from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

6. Under 28 U.S.C. § 1332(a)(1), with respect to diversity jurisdiction, "state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). A person acquires domicile in a state when the person resides there and intends to remain there indefinitely. *Id.*; s*ee also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). *Citing Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014). The diversity requirement of § 1332(a) is satisfied here.

7. According to traffic accident report, Plaintiff's address at the time of the accident was listed as 435 Helena Ct 201, Aurora, CO, 20011. **Exhibit B**, Traffic Accident Report. This is confirmed by Plaintiff's Complaint, wherein he pleads he "is and was at all time relevant to this Complaint, a resident of the State of Colorado." **Ex. A**., Compl. ¶ 1. Therefore, Plaintiff is a resident of Colorado and the place of residence is prima facie of the domicile for purposes of diversity jurisdiction. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Thus, Plaintiff is a citizen of Colorado. *Id.*

8. Subject to the statements in footnote one (1) above, Progressive is and was, at the time of this action and Notice, an Ohio corporation with a principal place of business located at

300 N. Commons Boulevard, Mayfield, Village, OH 44143. **Exhibit C**, Colorado Secretary of State Corporate Summary. Accordingly, Progressive is a citizen of Ohio for the purpose of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see* also *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)).

9. Uber is and was, at the time of this action and of the Notice of Removal was filed, a Delaware corporation with a principal place of business at 1725 3rd Street, San Francisco, CA 94158. **Exhibit D**, Colorado Secretary of State Corporate Summary. Accordingly, Uber is a citizen of Delaware and California for the purpose of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1); *Depex Reina 9 P'ship*, 897 F.2d at 463.

10. Therefore, complete diversity among the parties existed at the time Plaintiff filed the State Court Action, and there is complete diversity among the parties at the time this Notice because neither Progressive nor Uber shares a common state of citizenship with Plaintiff (or between one another). *See Depex Reina 9 P'ship*, 897 F.2d at 463; *see also Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo. 2000).

**THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL AMOUNT**

11. Courts determine the jurisdictional amount in controversy by the allegations in the complaint. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The courts have held that the amount in controversy may be inferred from "factual representations set forth in pleadings, depositions, affidavits, discovery responses, or 'other papers' sufficient to support them as an evidentiary matter." *Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296, 1297 (D. Colo. 2009). The

4

amount in controversy "is measured by the value of the object of the litigation," and "such 'value' can be . . . what the plaintiff seeks to recover monetarily." *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 (D. Colo. 2007). In other words, a plaintiff's "valuation of the case is relevant evidence of the amount in controversy, as it reflects a reasonable estimate of the Plaintiff's claim." *Levings v. Interstate Distrib. Co.*, No. 10-CV-02384-JLK-MEH, 2010 WL 5072021, at *3 (D. Colo. Dec. 7, 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). "The amount in controversy is not proof of the amount the plaintiff will recover," instead "it is an estimate of the amount that will be put at issue in the course of the litigation" and "[t]o this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail*, 529 F.3d at 956.

12. Additionally, the *Levings* court found that damage allegations "in the form of 'medical bills, physician bills, rehabilitation and therapy bills, and medication expenses, loss of wages, and lost earning capacity, disability, impairment and other damages and expenses […] present a combination of facts and a theory of recovery that may support a claim in excess of $75,000.00." *Levings*, 2010 WL 5072021, at *3 (citing *McPhail*, 529 F.3d at 955).

13. Here, the initial pleadings also contribute to establishing the jurisdictional amount in controversy. According to the Complaint, Plaintiff seeks to be compensated by Progressive for "economic losses including surgical, medical, hospital, therapeutic, prescription, and other related health care expenses; attorney's fees; and lost interest in the past and continuing into the future," including more than $21,000 in past medical expenses. **Ex. A**, Compl. ¶ 17. Furthermore, Plaintiff is seeking to effectively treble his damages in seeking to "recover the underinsured motorist

benefits, reasonable attorney's fees, all costs, and two time the covered benefits." *Id.* at ¶ 45. Despite the fact that the Policy does not provide UM/UIM coverage, taken at face value, Plaintiff is seeking up to $250,000 of UM/UIM, common law bad faith damages, and statutory delay damages. Thus, Plaintiff's damages alleged in the Complaint support this Notice.

14. Further, the Tenth Circuit Court of Appeals has ruled that the Civil Case Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016); *see also Henderson v. Target Stores*, 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006) (finding that a civil cover sheet is sufficient to place a defendant on notice that amount in controversy exceeds $75,000.00). Here, the Civil Case Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000 is sought by Plaintiff against Progressive, exclusive of interests and costs. *See* **Exhibit E**, Civil Case Cover Sheet. Therefore, the jurisdictional amount in controversy requirement is satisfied.

### PROGRESSIVE HAS SATISFIED THE PROCEDURAL AND TIMING REQUIREMENTS OF 28 U.S.C. § 1446

15. The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

6

16. The State Court Action was filed on August 20, 2025, and Progressive was served in Colorado on October 15, 2025. **Exhibit F**, Affidavit of Service. Uber was served in Colorado on the same day. **Exhibit G.**

17. The Notice is timely filed, pursuant to 26 U.S.C. § 1446(b), because Progressive has filed within thirty (30) days of its service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin running until service is perfected).

18. Venue properly lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C § 1441(a) because this District embraces the place where the State Court Action is pending, as well as where the alleged accident occurred.

19. Pursuant to D.C.Colo.LCivR 81.1, Progressive represents that there are no motions pending or hearings scheduled in the State Court Action.

20. Thus, the State Court Action may be removed to this Court by Progressive and in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the District of Colorado; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

21. Pursuant to 28 U.S.C. § 1446(d), Progressive will promptly serve Plaintiff and Defendant Uber with written notice of the filing of this Notice of Removal and file a copy in the State Court Action.

22. The documents required by D.C.Colo.LCivR 81.1 and 28 U.S.C. § 1446(a) and which have been filed in this matter in the District Court for Adams County, State of Colorado,

are attached to this Notice of Removal as specifically referenced exhibits or otherwise labeled as **Exhibit H**. The current state court docket sheet is being filed contemporaneously under separate cover. Progressive will also separately file each pending motion, petition, and related response, if any.

      23.    By filing this Notice of Removal, Progressive does not waive any defenses that may be available to it.

      WHEREFORE, Progressive hereby removes the above-captioned action from the District Court for Adams County, Colorado, and requests that further proceedings be conducted in this Court as provided by law.

      Filed on November 5, 2025.

MONTGOMERY | AMATUZIO

By: *s/ Justin C. Mankin*
     Justin C. Mankin
     Taylor G. Ostrowski

720 S. Colorado Boulevard, 1200 - N
Denver, Colorado 80246
Telephone: (303) 592-6600
jmankin@mac-legal.com
tostrowski@mac-legal.com

*Attorneys for Defendant United Financial Casualty Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 5, 2025, a true and correct copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO** was served on all represented parties, through their counsel of record, using Colorado Courts E-Filing or email, and on all pro se parties by email or by United States mail.

                                            *s/ Samantha Trujillo*
                                            Samantha Trujillo, Legal Assistant