| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br><br>Court Address:<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED<br>August 20, 2025 3:05 PM<br>FILING ID: 3027999AC4897<br>CASE NUMBER: 2025CV31314 |
| **Plaintiff:  SALVADOR OUEDRAOGO**<br><br>v.<br><br>**Defendant:  PROGRESSIVE INSURANCE COMPANY AND UBER TECHNOLOGIES, INC.** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>Sandomire & Kuberry, PLLC<br>561 Santa Fe Drive<br>Denver, CO 80204<br>Andrew I. Sandomire, #35171<br>Jaynie R. Kuberry, #41511<br>Telephone: (303) 300-3333<br>Facsimile: (303) 300-3331<br>andrew@303legal.com<br>jaynie@303legal.com<br><br>Livenick Law, LLC<br>561 Santa Fe Drive<br>Denver, CO 80204<br>Torrey Livenick, Esq. # 52787<br>720-295-8616<br>torrey@livenicklaw.com<br>torrey@303legal.com | Case No.<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Salvador Ouedraogo, by and through counsel, Sandomire & Kuberry, PLLC, and Livenick Law, LLC, and for his Complaint and Jury Demand, states:

## PARTIES

1. Plaintiff, Salvador Ouedraogo (hereinafter, "Plaintiff"), is and was at all times relevant to this Complaint, a resident of the State of Colorado.

**EXHIBIT A**

2. At all times relevant, Defendant Progressive Insurance Company (hereinafter "Defendant Progressive") was an insurance company, with a principal address of P.O. Box 94621 Cleveland, OH 44101-9941. Defendant Progressive Insurance Company is registered in good standing in the State of Colorado. Its registered agent is CT Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

3. Defendant Uber Technologies, Inc. (hereinafter "Defendant Uber") is a Delaware corporation with a principal address of 1725 3rd Street, San Francisco, CA 94158. Defendant Uber Technologies, Inc. is registered in good standing in the State of Colorado. Its registered agent is CT Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the parties and subject matter herein as the breach occurred in Adams County.

## GENERAL ALLEGATIONS

4. Plaintiff incorporates each and every allegation above, as though fully set forth herein.

5. At all times pertinent, Defendant Progressive was the insurer for the automobile insurance coverage for the Plaintiff under policy number 52-138-175-01, insuring Plaintiff for $250,000 per person, $500,000 per incident for uninsured and underinsured motorist coverage.

6. On or about August 21, 2022, Plaintiff was the owner and operator of a 2007 Mitsubishi Galant, license plate number 040ZUL.

7. On or about August 21, 2022, Magali Rodriguez Ornelas was the owner and operator of a 2010 Toyota Scion, license plate number CIDV59.

8. On or about August 21, 2022, Plaintiff was in his car in the drive-thru lane of McDonald's at 6050 Parkway Drive, Commerce City, Colorado.

9. Magali Rodriguez Ornelas was pulling in behind the Plaintiff, in the drive-thru lane of McDonald's at 6050 Parkway Drive, Commerce City, Colorado.

10. Magali Rodriguez Ornelas failed to yield while pulling forward behind Plaintiff's car causing the front end of her vehicle to collide with the rear of Plaintiff's vehicle.

11. Magali Rodriguez Ornelas carelessly and negligently did not yield while driving forward and struck the rear of Plaintiff's vehicle.

12. Plaintiff's injuries were directly and proximately caused by Magali Rodriguez Ornelas' negligence.

13. Plaintiff's injuries resulted and will result in medical and related expenses in the past and future; past and future rehabilitation; lost wages; economic and non-economic damages including, but not limited to, pain and suffering, permanent impairment, medical expenses, lost income and earning capacity, and loss of the enjoyment of life.

14. On or about August 21, 2022, Magali Rodriguez Ornelas operated her vehicle in a negligent, careless, reckless and/or wrongful manner and struck Plaintiff's vehicle, causing damage to both vehicles.

15. On or about August 21, 2022, Magali Rodriguez Ornelas failed to safely operate her vehicle, thereby causing the subject collision.

16. On or about August 21, 2022, Magali Rodriguez Ornelas was not paying proper attention, thereby causing the subject collision.

17. As a direct and proximate result of the collision, and the negligence of Ms. Rodriguez Ornelas, Plaintiff suffered injuries that resulted and will result in medical and related expenses in the past and future; past and future rehabilitation; lost wages; and further expenses as set forth below. Plaintiff incurred at least $21,421.56 in medical bills.

18. On or about August 9, 2024, Defendant Progressive sent a letter to Plaintiff denying compensation for Plaintiff's injuries claiming no uninsured motorist policy existed.

19. Defendants was required by C.R.S. § 40-10.1-604 to provide uninsured motorist coverage to Plaintiff.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

20. Plaintiff incorporates each and every allegation above, as though fully set forth herein.

21. Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant Progressive to Plaintiff.

22. To the extent that Plaintiff has failed to comply with any contractual obligation, Defendant Progressive has not been prejudiced by the failure to comply.

**EXHIBIT A**

23. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendants may not rely on this failure to comply because it breached one or more material obligation under the policy prior to any alleged failure to comply of Plaintiff.

24. At all times relevant to this action, Defendants owed to Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

25. Defendants have breached its contract with Plaintiff by failing to offer underinsured motorist benefits in an amount to which Plaintiff is entitled.

26. As a direct and proximate result of Defendants' breach of contract, Plaintiff has incurred damages as set forth herein, specifically including, but not limited to, over $21,421.56 in medical bills, lost wages, and non-economic damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
### Bad Faith Breach of an Insurance Contract

27. Plaintiff incorporates each and every allegation above, as though fully set forth herein.

28. As providers of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

29. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

30. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including, but not limited to:

   a. Failing to give equal consideration to the interest of Plaintiff, its insured;

   b. When investigating Plaintiff's claims, failing to diligently search for evidence which supported their insured's (Plaintiff's) claims;

   c. Seeking to discover only evidence that defeated their insured's (Plaintiff's) claim;

   d. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with

      knowledge or reckless disregard of lack of reasonable basis for delaying and/or withholding benefits;

    e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

    f. Not attempting good faith to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear;

    g. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering nothing instead of the amount the Plaintiff is entitled to recover.

    h. Forcing Plaintiff into the costly and lengthy process of litigation;

    i. Failing to acknowledge and act reasonably and promptly upon communication with respect to claims arising under insurance policies;

    j. Failing to provide a reasonable explanation of the basis in the insurance policy in relation to the fact or applicable law for denial of a claim for the offer of a compromise settlement;

    k. Any further acts which may be discovered.

31. Defendant Progressive's failure to pay over $21,421.56 in medical bills, lost wages, and non-economic damages in an amount to be proved at trial is an unreasonable delay and/or withholding of benefits under the insurance policy and constitutes bad faith.

32. Defendant Progressive's denial of Plaintiff's claim as adequately compensated without further rationale or explanation constitutes bad faith.

### THIRD CLAIM FOR RELIEF
### Violation of C.R.S. § 10-3-1115(1)(a)

33. Plaintiff incorporates each and every allegation above, as though fully set forth herein.

34. C.R.S. § 10-3-1115(1)(a) states "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."

35. Defendant's conduct and subsequent failure to offer settlement is an unreasonable delay and denial of full payment of a claim for benefits owed to Plaintiff a first-party claimant and violates C.R.S. § 10-3-1115(1)(a).

EXHIBIT A

36. Defendant's denial of Plaintiff's claim as adequately compensated without further rationale or explanation is unreasonable and a violation of C.R.S § 10-3-1115(1)(a).

37. Pursuant to C.R.S. § 10-3-1116(1) Plaintiff is entitled to recover reasonable attorney fees and court costs and two times the covered benefits from Defendant.

**WHEREFORE**, Plaintiff, Salvador Ouedraogo, prays for judgment against the Defendant in an amount to be proven at trial, together with statutory interest from the date of the injury, costs, expert witness fees and attorney fees and further relief as the Court deems just.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted this _____ day of August, 2025.

**SANDOMIRE & KUBERRY, PLLC**

/s/ Jaynie Kuberry
ATTORNEYS FOR PLAINTIFF
Sandomire & Kuberry, PLLC
561 Santa Fe Drive
Denver, CO 80204
Andrew I. Sandomire, #35171
Jaynie R. Kuberry, #41511
Telephone: (303) 300-3333
Facsimile: (303) 300-3331
andrew@303legal.com
jaynie@303legal.com

/s/ Torrey Livenick
Torrey Livenick, Esq.
561 Santa Fe Drive
Denver, CO 80204
(720) 295-8616
torrey@livenicklaw.com

Plaintiff's Address:
c/o Sandomire & Kuberry, PLLC
561 Santa Fe Drive
Denver, CO 80204

**EXHIBIT A**

*In accordance with C.R.C.P 121 § 1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

7

**EXHIBIT A**